IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

WENDELL JOE BARKER,                  :

     Petitioner,                  :

vs.                                  :   CIVIL ACTION 07-00741-CG-B

STEVE ARTHUR,                        :

     Respondent.                  :

## REPORT AND RECOMMENDATION

Wendell Joe Barker petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2241 (Doc. 9), while a pretrial detainee at the Baldwin County Corrections Center. The petition has been referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases[1]. The undersigned has conducted a careful review of the record and finds that no evidentiary hearing is required to resolve this case. Kelley v. Secretary for Dep't of Corrections, 377 F.3d 1317 (11th Cir. 2004). Upon careful consideration, it is recommended that the petition be dismissed to allow Barker the opportunity to fully exhaust his state remedies.

## NATURE OF PROCEEDINGS

On July 22, 2007, Petitioner Wendell Joe Barker was detained

---

[1]Pursuant to Rule 1(b), the Rules Governing Section 2254 Cases may also apply to habeas actions brought under § 2241.

in connection with a traffic stop.   Following a search of his vehicle, Barker was arrested and charged with trafficking in marijuana. (Docs. 1, 13).   According to Barker, a preliminary hearing was conducted on September 6, 2007, before a Baldwin County District Court judge, who found no probable cause due to the State's inability to establish the weight of the marijuana. (<u>Id.</u>) Barker further alleges that on the same day, a warrant was issued for his arrest, and he was re-arrested based on the July 22 traffic stop.  On September 24, 2007, Barker was indicted by the Baldwin County Grand Jury for trafficking in marijuana, in violation of Alabama Code § 13A-12-231(1) (Docs. 9; 13, Ex. A).   On October 15, 2007, Barker initiated the instant action.   He was released on bond on October 23, 2007. (Doc. 13).

Barker's handwritten petition sought federal habeas corpus relief under § 2241 with this Court.[2]  (Doc. 1).   Upon receipt of

---

[2]Section 2241 provides, in part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions....

...

(c) The writ of habeas corpus shall not extend to a prisoner unless—
...
    (3) He is in custody in violation of the Constitution or laws or treaties of the United States....

28 U.S.C. § 2241.

Barker's petition, it was erroneously docketed as an action seeking relief under § 2254, and Barker was directed to complete and file this Court's form for a habeas petition under § 2254.   Barker complied and completed the Court's form for a habeas petition under § 2254.   A review of Barker's original petition, and his amended petition reveals that at the time of filing, he was not yet in custody pursuant to the judgment of a state court; thus, his claims arise under 28 U.S.C. §2241.   28 U.S.C. § 2241; <u>Medberry v. Crosby</u>, 351 F. 3d 1049, 1060 (11th Cir. 2003)[3].

In his petitions, Barker attacks the State of Alabama's continued custody over him following the initial dismissal of the trafficking in marijuana charge.   Barker alleges that Respondents violated his rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments by continuing to confine him following the initial

---

[3]In <u>Medberry v. Crosby</u>, 351 F.3d 1049 (11th Cir. 2003), the Eleventh Circuit addressed the scope of 28 U.S.C. §§ 2241 and 2254. The Court noted that "[a]ll ... applications for writs of habeas corpus are governed by § 2241, which generally authorizes federal courts to grant the writ -- to both federal and state prisoners.  Most state prisoners' applications for writs of habeas corpus are subject also to the additional restrictions of § 2254" if they are "in custody pursuant to the judgment of a State court." <u>Id.</u> at 1062. However, if "a prisoner is in prison pursuant to something other than a judgment of a state court, e.g., a pre-trial bond order, then his petition is not subject to § 2254." <u>Id.</u>   That is, if a prisoner, like the petitioner, is held in state pre-trial detention, he would file a habeas petition under § 2241 only. <u>Id.</u> at 1060; <u>see also</u> <u>Stacey v. Warden, Apalachee Corr. Inst.</u>, 854 F.2d 401, 403 n.1 (11th Cir. 1988) ("Pre-trial habeas petitions ... are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered.").

dismissal of the charges. Specifically, Barker contends that the criminal charges against him were dismissed after a district judge found no probable cause at the pre-indictment preliminary hearing, and thus, the State was prohibited from presenting the evidence to the grand jury for consideration. (Docs. 9, 13). Further, Barker asserts that the new arrest warrant, which issued following the dismissal of the charges at the preliminary hearing, was illegal. (Docs. 9, 13). In his petition, Barker requests an order directing his immediate release from custody. He also readily admits that he did not raise any of his claims in state court, and asserts that "Petitioner must prevail first in this Federal Habeas Corpus proceeding in order to prove illegal confinement, prior to filing a civil lawsuit for an Abuse of Process Complaint." (Doc. 9, pp. 4).

Respondent filed an Answer and Motion to Dismiss wherein he asserts that Barker has not exhausted available state remedies on the claims raised in his petition. Respondent further contends that Barker's claims are moot because they do not challenge the actual basis for his custody at the present time - the September 24, 2007 indictment. Additionally, Respondent alleges that Barker's complaints about preliminary matters in a criminal proceeding do not entitle him to habeas relief.[4] (Doc. 13). Barker requested and

---

[4]Specifically, Respondent cites Ala.R.Crim.P. 5.4(d), which reads: "The dismissal of a complaint [if it does not appear from the evidence that an offense has been committed or that there is

was granted permission to file a response to Respondent's Answer;
however, he failed to do so. (Docs. 15, 16)

### CONCLUSIONS OF LAW

"Among the most fundamental common law requirements of § 2241
is that petitioners must first exhaust their state court remedies."
Thomas v. Crosby, 371 F.3d 782, 812 (11th Cir. 2004), *cert. denied*,
543 U.S. 1063, 125 S. Ct. 888, 160 L. Ed. 2d 793 (2005).

> "The exhaustion doctrine is a judicially crafted
> instrument which reflects a careful balance between
> important interests of federalism and the need to
> preserve the writ of habeas corpus as a swift and
> imperative remedy in all cases of illegal restraint or
> confinement." Braden v. 30th Judicial Circuit Court, 410
> U.S. 484, 490, 93 S. Ct. 1123, 1127, 35 L. Ed. 2d 443
> (1973) []. The Third Circuit, interpreting Braden, held,
> "An exhaustion requirement has developed through
> decisional law, applying principles of federalism. . . .
> Although there is a distinction in the statutory language
> of §§ 2254 and 2241, there is no distinction insofar as
> the exhaustion requirement is concerned." Moore v. De
> Young, 515 F.2d 437, 442 (3d Cir. 1975); see also
> Schandelmeier v. Cunningham, 819 F.2d 52, 53 (3d Cir.

---

probable cause to believe the defendant committed it] shall not
preclude a subsequent prosecution of the defendant for the same
offense."

1986) ("The state court exhaustion requirement is
mandated by statute under 28 U.S.C. § 2254(b) and has
developed through decisional law in applying principles
of comity and federalism as to claims brought under 28
U.S.C. § 2241.").

Thomas, 371 F.3d at 812. See also Tooten v. Shevin, 493 F.2d 173,
176 n.7 (5th Cir. 1974)[5] ("The exhaustion requirement has been
codified specifically in 28 U.S.C.A. § 2254(b), however, it applies
to habeas corpus petition under all sections.").  The exhaustion
requirement reflects a policy of comity between state and federal
courts and is "an accommodation of our federal system designed to
give the State an initial 'opportunity to pass upon and correct'
alleged violations of its prisoners' federal rights."  Wilwording
v. Swenson, 404 U.S. 249, 250, 92 S. Ct. 407, 30 L. Ed. 2d 418
(1971).

A habeas claim is deemed to be exhausted when "it is fair to
assume that further state proceedings would be useless." Castille
v. Peoples, 489 U.S. 346, 351, 109 S. Ct. 1056, 1060, 103 L. Ed. 2d
380 (1989). This standard is met when the precise issues raised in
a habeas corpus petition have been "fairly presented" to the
state's highest court. Id. (citing Picard v. Connor, 404 U.S. 270,

---

[5]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th
Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals
adopted as binding precedent all the decisions of the former
Fifth Circuit handed down prior to the close of business on
September 30, 1981.

275, 92 S. Ct. 509, 512, 30 L. Ed. 2d 438 (1971)). The exhaustion requirement is not met "where the claim has been presented for the first and only time in a procedural context in which the merits will not be considered unless 'there are special and important reasons therefor[.]'" Id. (citation omitted). If the claims raised in a federal habeas corpus petition have not been exhausted, the petition should be dismissed.  See Anderson v. Harless, 459 U.S. 4, 6 & 7-8, 103 S. Ct. 276, 277 & 278, 74 L. Ed.2d 3 (1982).

   In addition, the exhaustion requirement is excused if "there is either an absence of available State corrective process[] or ... circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(I) & (ii).[6] A failure to exhaust has been excused where, because of prior rulings, resort to the state courts would be futile. See Allen v. State of Alabama, 728 F.2d 1384, 1387 (11th Cir. 1984). Exhaustion has also been excused where the state has unreasonably delayed in acting on the petitioner's efforts to invoke state remedies or fails to address the petition without explanation. See, e.g., Hollis v. Davis, 941 F.2d 1471, 1475 (11th Cir. 1991) ("A federal habeas petitioner need not wait until his state petitions for relief are exhausted, if the state court has unreasonably or without explanation failed to address petitions for relief."),

_____

   [6]Notably, § 2254(b)(1) presupposes that the habeas corpus petitioner is in custody pursuant to a judgment of a state court.

*cert. denied*, 503 U.S. 938, 112 S. Ct. 1478, 117 L. Ed.2d 621 (1992); <u>Cook v. Florida Parole & Probation Comm'n</u>, 749 F.2d 678, 679 (11th Cir. 1985) ("State remedies will be found ineffective and a federal habeas petitioner will be excused from exhausting them in the case of unreasonable, unexplained state delays in acting on the petitioner's motion for state relief."). Finally, other special or exceptional circumstances may also excuse exhaustion. <u>See</u>, e.g., <u>Clarke v. Grimes</u>, 374 F.2d 550, 551 (5th Cir. 1967) ("It is true that under <u>Fay v. Noia</u>, the federal trial court has broad discretion to hear a habeas corpus petition though state remedies have not been exhausted, if there are circumstances which demand relief to protect the rights of the prisoner.").

In the present case, Barker's petition for writ of habeas corpus is clearly premature.  Based upon the record before the Court, it does not appear that Barker's state case has proceeded to trial yet.  Thus, he cannot proceed in federal court with a habeas petition at this time.  He must first exhaust his remedies in the state courts.  <u>See</u> <u>Braden</u>, 410 U.S. at 489-90.  Once he has completed all avenues available to him in the state courts, he will then be permitted to return to federal court.  Accordingly, the undersigned recommends that this action be dismissed to allow Barker the opportunity to exhaust his state remedies.[7]

---

[7]The <u>Younger</u> abstention doctrine also counsels in favor of dismissal of this action. <u>Younger v. Harris</u>, 401 U.S. 37, 45, 91 S. Ct. 746, 751, 27 L. Ed.2d 669 (1971) ("'[W]hen absolutely

## CONCLUSION

The undersigned recommends that this action, filed pursuant to 28 U.S.C. § 2241, be dismissed without prejudice to allow Barker the opportunity to fully exhaust his state court remedies.

The attached sheet contains important information regarding this report and recommendation.

**DONE** this **19th** day of **February, 2009.**


                                    /S/ SONJA F. BIVINS
                         **UNITED STATES MAGISTRATE JUDGE**

---

necessary for protection of constitutional rights, courts of the United States have power to enjoin state officers from instituting criminal actions. But this may not be done, except under extraordinary circumstances, where the danger of irreparable loss is both great and immediate.  Ordinarily, there should be no interference with such officers; primarily, they are charged with the duty of prosecuting offenders against the laws of the state, and must decide when and how this is to be done. The accused should first set up and rely upon his defense in the state courts, even though this involves a challenge of the validity of some statute, unless it plainly appears that this course would not afford adequate protection.'"); see also Rogers v. Florida, 2008 U.S. Dist. LEXIS 76477, *3 (N.D. Fla. July 14, 2008)("[P]retrial habeas relief is available under § 2241 only under exceptional circumstances; federal courts cannot intervene in ongoing criminal proceedings except in the most extraordinary circumstances and upon a clear showing of both great and immediate harm."); Braden, 410 U.S. at 489-90 (finding that when a petitioner is attempting to have an indictment dismissed or otherwise prevent a prosecution, federal habeas corpus review is unavailable to adjudicate the substance of affirmative defenses that a petitioner may raise during a state criminal trial). Barker has failed to allege, nor has he established such extraordinary circumstances in this case.

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1.   **Objection**.   Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.   See 28 U.S.C. § 636(b)(1)(C); <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **Opposing party's response to the objection.**   Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection.  Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.   **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.